## LYSCOM SAMPSON *versus* LUTHER HENRY.

Where the tenant under a lease for a fixed period holds over, and immediately after the expiration of the lease the landlord makes a forcible entry and commits an assault and battery upon the tenant, the tenant cannot maintain trespass *quare clausum* for the forcible entry, neither can the landlord justify the personal injury committed upon the tenant.

With respect to the tenant's inability to maintain trespass *quare clausum*, it is im material whether the forcible entry was made with a view to regain possession, or for some other purpose.

Where the plaintiff declared in trespass for forcibly breaking and entering his dwellinghouse and for an assault and battery upon his person, it was *held*, that the allegation of an assault and battery was not merely matter of aggravation, but a distinct charge of injury, for which the plaintiff would be entitled to a compensation, and therefore that a defence to the forcible breaking and entering was not a defence to the whole action.

TRESPASS for breaking and entering the plaintiff's dwellinghouse, and for an assault and battery upon his person. Plea, the general issue.

At the trial, before *Wilde* J., the plaintiff proved that on April 3, 1829, the defendant, with several other persons,

forced open the door of the plaintiff's dwellinghouse, and with a club severely beat and wounded him.

It was also proved, that the defendant was the owner of the house ; that the plaintiff occupied it as his tenant, under a lease by indenture for one year from the 1st day of April, 1828 ; that at the time of the execution of the lease the plaintiff gave his promissory note to the defendant for the rent, dated April 1, 1828, and payable in one year from the date ; and that on April 2, 1829, the defendant sued out a writ of attachment on the note, and delivered it to Ziba Cook, a constable, for service.

Cook testified, that he met the defendant, by appointment, at the plaintiff's house, on April 3, 1829. The house was closed and the doors fastened. The defendant requested Cook to enter the house, and make an attachment on the plaintiff's property there being. Cook declined at first to enter forcibly. The defendant requested him to make an attachment by putting his arm through a broken pane of glass, and he accordingly did, laying his hand on a wheel standing within reach ; and the defendant told him that this would give him a right to enter.

It was proved that the defendant told the plaintiff that the lease was out, and that he, the defendant, had a right to enter, the house being his ; and that the plaintiff replied that the lease was not out, and besides, that his wife was then in travail (which was the fact) and that for that reason the defendant should not enter.

It did not appear that the defendant requested the plaintiff to remove from the house, but all the evidence tended to show that the defendant's sole object, in entering the house, was to make an attachment.

Upon this evidence the defendant contended, that as the action was *quare clausum*, he had a right to enter forcibly, and that the plaintiff could not maintain this action. But this objection was overruled ; and the jury were instructed, that the defendant had no right to break open the dwelling-house with a strong hand, for the purpose of making an attachment ; and that notwithstanding the lease was expired and the house was the property of the defendant, he had

Sampson
*v.*
Henry.

no right to enter forcibly for that purpose, unless he first requested the plaintiff to remove and give him possession, and that the plaintiff ought to have been allowed time sufficient to remove; but if such request had been made and the plaintiff had refused to quit, then the defendant might have lawfully entered by force immediately, provided no more force was exerted than was necessary for that purpose.

The jury returned a verdict for the plaintiff; but if the above instructions and decisions were incorrect, a new trial was to be granted; otherwise judgment was to be rendered according to the verdict.

Sept. 26th,
1831.

*J. W. Clark* for the defendant. This is an action of trespass *quare clausum*. The gist of the action is the breaking and entering, and the defendant has a right to prove his title, under the general issue. If the plaintiff sustained personal injury from unnecessary violence on the part of the defendant, he should have made it the subject of an action of assault and battery. *Taylor* v. *Cole*, 3 T. R. 292; *Skinner* v. *M'Dowell*, 2 Nott & M'Cord, 68; *Hyatt* v *Wood*, 4 Johns. R. 150; *Taunton* v. *Costar*, 7 T. R. 431 : *Turner* v. *Meymott*, 1 Bingh. 158. In the case of a lease for a definite time which has expired, the landlord may enter without notice. Co. Lit. 270 *b*, note 238; 4 Kent's Com. 112. The plaintiff was at most but a tenant by sufferance, that is, one who holds over by wrong; 4 Kent's Com. 115; and the defendant might lawfully enter upon him without notice, and expel him forcibly. *Cobb* v. *Stokes*, 8 East, 358; Runnington on Ejectm. 102. In *Ellis* v. *Paige*, 1 Pick. 43, it is said that a tenant at will is entitled to a reasonable time to remove his family and property, but there are important differences between a tenant at will and a tenant at sufferance. Co. Lit. 57 *b*. The plaintiff cannot maintain this action, which is founded on his own wrong. Bac. Abr. *Trespass, C*; *Argent* v. *Durrant*, 8 T. R. 403; *Wilde* v. *Cantillon*, 1 Johns. Cas. 123; 4 Kent's Com. 116; *Anon.* 3 Salk. 169. 1 Hawk. P. C. *c.* 64, § 1; *Ives* v. *Ives*, 13 Johns. R. 235. The defendant having a right to enter, the purpose for which he entered is immaterial. *Crowther* v. *Ramsbottom*, 7 T. R. 654; *Butler and Baker's*

*case*, 3 Co. 26 ; *Grenville* v. *College of Physicians*, 12 Mod. 386 ; Co. Lit. 245 *b*, 368 *a*, 363 *b* ; Lit. § 695.

*Forbes* for the plaintiff. The *St.* 1825, *c.* 89, § 4, requiring notice in order to terminate a tenancy at sufferance, is decisive of this case. *Ellis* v. *Paige*, 1 Pick. 43, and 2 Pick. 71, note.

But if it is necessary to resort to the common law, the defendant had three modes of asserting his right, namely, by assumpsit, allowing the plaintiff to hold over, by writ of entry *ad terminum qui præteriit*, and by entry *en pais*. Co. Lit. 57 *b* ; 2 Bl. Com. 150 ; *Rising* v. *Stannard*, 17 Mass. R. 288. He did not adopt either of the first two modes, and to constitute an entry *en pais* it is necessary that the party should indicate, in some manner recognised by law, an intention to terminate the tenant's possession. Here it appears that the defendant's object was to make an attachment. Co. Lit. 49 *b* ; Stearns on Real Actions, 45 ; *Jackson* v. *Schoonmaker*, 4 Johns. R. 390. The house was the plaintiff's castle ; but according to the principle on which the defence is placed, if the plaintiff had killed the defendant entering by night, he would have been guilty of murder. *Oystead* v. *Shed*, 13 Mass. R. 520 ; Bac. Abr. *Execution*, *N.*

*Billings*, in reply, observed that the statute cited reserves to landlords their rights and remedies by the common law.

WILDE J. delivered the opinion of the Court. We think a new trial must be granted in this case, because the jury were instructed, that upon the facts proved at the trial the defendant had no right to break open the dwelling-house occupied by the plaintiff, and forcibly enter, for the purpose of making an attachment. The jury should have been instructed, that although the writ of attachment gave him no such right, yet as the plaintiff's lease had expired at the time of the entry and the house belonged to the defendant, the plaintiff could not maintain trespass *quare clausum* for the forcible entry ; and that although the defendant could not justify the personal injury, yet the plaintiff was not entitled to recover any damages for the injury to the house. That this is the law, in respect to forcible entries upon land, seems to be well settled ; and we do

not find that any different principle is recognised in respect to the breaking into a dwellinghouse. The defendant may be indicted for the forcible entry and breaking into the house, but the plea of *liberum tenementum* would be a good justification to the charge for breaking the house We think, however, that this might be proved and considered, by way of aggravation of damages for the personal injury, if it had been so laid in the writ. But this injury is complained of as a distinct trespass ; and in this form the action cannot be maintained for the forcible entry. The plaintiff's counsel will judge whether it is desirable to amend the writ, so as to render it conformable to this view of the law, or whether they will proceed to another trial on the declaration in its present form.

The next and only remaining question to be determined is, whether the facts proved amount to a defence for the personal injury complained of ; and we are very clearly of opinion that they do not. The defendant is charged, not merely with forcibly breaking and entering the dwelling-house, but with an assault and battery, and with other outrages on the person of the plaintiff, as well as with the abuse of his family. To this part of the injury charged no defence has been made. It has been argued that this is only matter of aggravation ; but we consider it a distinct injury, and by far the heavier part of the charge, and for which the plaintiff is entitled to compensation.

Hammond, in his treatise on the law of *nisi prius*, has laid down the principles of law, and the rules of pleading, on this point, with great correctness. " Supposing," he says, " that the matter will admit of both a general and a particular mode of description, then, if in the form in which it is alleged, the plaintiff will not be entitled to claim a compensation for it as a separate grievance, it must be considered as having been inserted to increase the damages ; as where the declaration charges the defendant with having entered the plaintiff's close, and cut down his trees, not specifying their number, kind, or value ; — if, on the contrary, it will so entitle him, it must then be regarded as a distinct injury for which the plaintiff claims redress, be-

<div style="text-align: right;">

Sampson
*v.*
Henry.

</div>

cause, with what other view, or for what other purpose, has he described it with such particularity ? " — " But on the other hand, suppose the matter will admit of only one mode of describing it, the defendant has no clew whereby he may ascertain whether the plaintiff means to insist upon it as a cause of action in itself, or as matter in aggravation, and he may therefore consider it as falling under the latter description, — a mode the most advantageous to himself ; — and if by so doing he mistakes the plaintiff's meaning, the latter has it in his power to set him right, by new assigning."

These remarks accord, we think, with the principles of the common law and of common sense, and the doctrine advanced is well calculated to promote the cause of common justice.

We are not aware that any objection is made to the declaration, because it does not describe the personal injury with sufficient particularity ; and there is no question as to the necessity of any new assignment, if there is any such want of sufficient particularity, because the trial was on the general issue.

<div style="text-align: right;">

*New trial granted.*